

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2002

# Glandorf v. W G Prod Inc

Precedential or Non-Precedential:

Docket 0-2443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Glandorf v. W G Prod Inc" (2002). *2002 Decisions.* Paper 164.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/164

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 00-2443


CLAUS GLANDORF; LENORE PETERS

v.

W.G. PRODUCTS CO., INC., a New Jersey corporation

Claus Glandorf,
Appellant



On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil Action No. 99-cv-01418)
District Judge:  Honorable Alfred M. Wolin


Argued November 8, 2001

BEFORE: McKEE, RENDELL and STAPLETON, Circuit Judges

(Opinion Filed March 8, 2002)

John A. Craner (Argued)
Craner, Satkin & Scheer
320 Park Avenue
P.O. Box 367
Scotch Plains, NJ 07076
 Attorney for Appellant

Domenick Carmagnola (Argued)
Lum, Danzis, Drasco, Positan & Kleinberg
103 Eisenhower Parkway
Roseland, NJ 07068
 Attorney for Appellee

OPINION

STAPLETON, Circuit Judge:

Defendant/Appellee W.G. Products terminated Plaintiff/Appellant Claus Glandorf on March 2, 1998. Prior to Glandorf's termination, W.G. Products sponsored a group health insurance plan with Blue Cross/Blue Shield. Upon his termination, Glandorf was notified that he had a right to COBRA coverage. For three months after his termination Glandorf made premium payments to W.G. Products on the assumption he was securing COBRA benefits. At some point during the summer of 1998, Blue Cross/Blue Shield informed Glandorf that he was not eligible for COBRA because W.G. Products allowed its employee's insurance coverage to lapse prior to Glandorf's termination.

The president of W.G. Products testified in his deposition that Blue Cross/Blue Shield canceled the insurance policy as of February 2, 1998, but did not notify W.G. Products of the cancellation until June of 1998. He stated that he did not receive any notices of a failure to pay the premium between February 2, 1998 and June 1998. Rather, the company's insurance agent told him that W.G. Products had a large credit and was working it off. Glandorf does not dispute that he received a refund of his three payments.

I.

Glandorf first contends that he was entitled to COBRA coverage. We agree with the District Court that he was not.

COBRA requires employers that sponsor a group health plan for its employees to provide continuation coverage for employees who lose their coverage as a result of a qualifying event. See 29 U.S.C. 1161. Termination constitutes a qualifying event. See 29 U.S.C. 1161(2). Congress enacted COBRA so that employees who lose their job as a part of a partial layoff can purchase continuation medical coverage at a rate approximately equal to the group rate, which is lower than the rate for individual coverage. See Local 217, Hotel & Rest. Empl. Union v. MHM, Inc., 976 F.2d 805, 809 (2d Cir. 1992). Continuation coverage is "coverage which, as of the time the coverage is being provided, is identical to the coverage provided under the plan." 29 U.S.C.

1162(1).

As the Court of Appeals for the Second Circuit held in Local 217, COBRA provides that coverage need only extend until the "date on which the employer ceases to provide any group health plan to any employee."  Id. at 809 (quoting 29 U.S.C. 1162(2)(B)).  Further, "an employer is under no obligation flowing from COBRA to adopt a group health plan or to maintain one that is in existence."  Id.  "Once an employer ceases to maintain any group health plan . . . COBRA releases the plan administrator from the obligation to provide continuation of coverage at the group rate."  Id. at 809-10.

Here, the uncontradicted evidence establishes that W.G. Products failed to pay its premiums and its Blue Cross/Blue Shield Plan lapsed on February 2, 1998, prior to the date of Glandorf's termination in March.  Accordingly, there was no such coverage for any employee on the date of Glandorf's termination, and W.G. Products had no COBRA obligation to him by virtue of its Blue Cross/Blue Shield Plan.

Glandorf argues in the alternative before us that W.G. Products self-insured during the period between the cancellation and the beginning of its new Amerihealth coverage on September 1, 1998.  According to Glandorf, W.G. Products retroactively paid all of the claims of its employee beneficiaries which would have been paid by Blue Cross/Blue Shield had the insurance not been canceled during this interim period.  We are not persuaded that this self-insurance argument was advanced in the District Court and that it is properly before us.  It is apparent, however, that it is without merit.  As we have noted, the statute imposes a COBRA coverage duty only on those employers that have an insurance plan in place on the date of termination.  It is clear on the basis of the undisputed facts that W.G. Products did not have such a plan in March of 1998.  Unbeknownst to it, its Blue Cross/Blue Shield Plan had terminated on February 2nd.  It had not at that point established a new plan   self-insured or otherwise because it believed its Blue Cross/Blue Shield Plan was still in effect.

Finally, Glandorf argues that W.G. Products should be equitably estopped from arguing that he is not eligible for continuation benefits.  Section 502(a)(3) of ERISA

permits a plaintiff to obtain equitable relief to redress violations of ERISA. See 29 U.S.C. 1132(a)(3); Smith v. Hartford Ins. Group, 6 F.3d 131, 137 (3d Cir. 1993). To succeed on a claim for relief under a theory of equitable estoppel, an ERISA beneficiary must establish a material misrepresentation, reasonable and detrimental reliance upon the representation, and extraordinary circumstances. See In re Unisys Corp. Retiree Medical Benefit ERISA Lit., 58 F.3d 896, 907 (3d Cir. 1995); Curcio v. John Hancock Mutual Life Ins. Co., 33 F.3d 226, 235 (3d Cir.1994). The District Court denied this claim on the ground that Glandorf had not shown extraordinary circumstances. While we are inclined to agree with the District Court, the clear, short and sufficient answer to this contention is that Glandorf failed to come forward with any evidence from which a trier of fact could conclude that he reasonably relied to his detriment on his employer's representation that he was entitled to COBRA. Indeed, Glandorf affirmatively asserts that he was unable to get alternative coverage from another insurer when he was terminated because his wife had a pre-existing medical condition. It necessarily follows that he has failed to show that he took, or failed to take, action to his detriment in reliance on the misrepresentation. See generally Smith, 6 F.3d at 137 ("To establish injury, the Smiths must show they could have obtained an alternative health insurance policy that provided for coverage . . . were it not for the Hospital's misrepresentations.").

While we are sympathetic to the Glandorfs, the summary judgment entered in favor of W.G. Products must be, and will be, affirmed.

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.

/s/ Walter K. Stapleton
Circuit Judge